United States District Court
Southern District of Texas

**ENTERED**
July 27, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE FIRST BRANDS GROUP, LLC | § | |
| | § | |
| | § | |
| EVOLUTION CREDIT PARTNERS, *et al.*, | § | |
| | § | |
| | § | CIVIL ACTION NO. H-26-4705 |
| Appellant, | § | BANKRUPTCY CASE NO. 25-90399 |
| v. | § | ADVERSARY CASE NO. 26-3006 |
| | § | |
| FIRST BRANDS GROUP, LLC, *et al.*, | § | |
| | § | |
| Appellees. | § | |

**MEMORANDUM OPINION AND ORDER**

Evolution Credit Partners and its related entities appeal a Bankruptcy Court order denying their motion for summary judgment in an adversary proceeding that they initiated to determine whether they have a first-priority security "interest on approximately $60.5 million worth of First Brands's receivables." *See In re First Brands Grp., LLC*, No. BR 25-90399, 2026 WL 253634, at *1 (S.D. Tex. Jan. 31, 2026). The Bankruptcy Court held that Evolution "does not have a perfected security interest in the non-purchased receivables with priority over the postpetition debtor-in-possession financing lenders' interest in those receivables." (Docket Entry No. 1-1 at 11). Evolution argues that the Bankruptcy Court's summary judgment order is an appealable final order. (Docket Entry No. 1). In the alternative, Evolution moves for leave to appeal from that order. (Docket Entry No. 2).

Based on the motion, the response, the reply, and the applicable law, and with the help of oral argument, the court denies the motion for leave to appeal, (Docket Entry No. 2), and dismisses the appeal for lack of jurisdiction.

First, the summary judgment order is not an appealable final order. An order is final and appealable if it "constitutes either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case." *In re ASARCO, L.L.C.*, 650 F.3d 593, 600 (5th Cir. 2011) (quoting *In re Kizzee–Jordan*, 626 F.3d 239, 242 (5th Cir. 2010)). Evolution argues that the summary judgment order denied the ultimate relief it sought in the complaint filed in the adversary proceeding: that the Bankruptcy Court declare that Evolution holds a first-priority security interest in the non-purchased receivables. (Docket Entry No. 2 at 8). Although the Bankruptcy Court denied Evolution its preferred relief, the adversary proceeding has not concluded. Fact issues remain to be tried in the Bankruptcy Court on whether Evolution has priority over other pre-petition secured lenders. (*See* Docket Entry No. 1-1 at 23–24).

"[E]ven though the adversary proceeding may for these purposes be considered a separate judicial unit, nevertheless for this Court to have jurisdiction under section 158 the order must finally dispose of all the issues in that separate proceeding." *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1396 (5th Cir. 1987). The appealed order must "wholly terminate[] the entire adversary proceeding." *Id.*; *see In re England*, 975 F.2d 1168, 1172 (5th Cir. 1992) ("Finality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation."); *see also Vasquez v. Gonzalez*, No. 7:20-CV-00355, 2021 WL 4459751, at *1 (S.D. Tex. June 2, 2021) ("The Fifth Circuit has explained that only the resolution of an entire adversarial proceeding is 'final.'"). Because the summary judgment order does not terminate the underlying adversary proceeding, it is not final. *Compare In re Saco Loc. Dev. Corp.*, 711 F.2d 441, 448 (1st Cir. 1983) (Breyer, J.) (holding that an order that determined the priority of a claim and resolved a complete dispute was a final order),

*with In re Natale*, 295 F.3d 375, 380 (3d Cir. 2002) (distinguishing *Saco* because it did not address "an ongoing adversary proceeding . . . with issues still extant").

Second, Evolution has not established the basis for an interlocutory appeal. "Most district courts in this circuit have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Cluster Holdco, LLC v. Byman*, 821 F. Supp. 3d 800, 812 (S.D. Tex. 2026) (quoting *Off. Comm. of Equity Sec. Holders v. Sorrento Therapeutics, Inc.*, No. BR 23-90085, 2025 WL 933723, at *5 (S.D. Tex. Mar. 27, 2025)).

The second element is not met. "[P]arties seeking interlocutory appeal must show substantially differing views regarding the legal issue before the court." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 572 F. Supp. 2d 809, 811 (W.D. Tex. 2008). Courts have found there is "substantial ground for difference of opinion" about the legal issue if "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *In re Hallwood Energy, L.P.*, BR 09–31253–SGJ–11, 2013 WL 524418, at *3 (N.D. Tex. 2013) (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006)). Vehement disagreement with the ruling below does not satisfy the interlocutory-appeal standard. *Flowserve Corp.*, 444 F. Supp. at 724. Under this standard, courts have generally refused to consider suitable for interlocutory appeal even pure legal questions, such issues of contract interpretation, that are fairly routine and case-specific. *See Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) ("[T]he question of the

3

meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either."); *see, e.g.*, *Sims v. Allstate Fire & Cas. Ins. Co.*, No. SA-22-CV-00580-JKP, 2025 WL 2946616, at *2 (W.D. Tex. Sept. 23, 2025); *Consumers Energy Co. v. Toshiba Am. Energy Sys. Corp.*, No. 22-10847, 2025 WL 2233979, at *1–2 (E.D. Mich. Aug. 6, 2025) (collecting cases).

The perfection issue that is the basis of Evolution's appeal is not one on which there is a substantial difference of opinion. Evolution argues that the Bankruptcy Court applied the incorrect legal standard when interpreting its financing statement. (Docket Entry No. 2 at 11–16). Under the proper standard, according to Evolution, a financing statement puts subsequent creditors on notice of a security interest if the collateral description shows that a "secured party may have a security interest in the collateral." (*Id.* at 15 (cleaned up)). But the Bankruptcy Court applied that standard. The Bankruptcy Court concluded that the financing statement's "collateral description cannot be reasonably interpreted to include the non-purchased receivables." (Docket Entry No. 1-1 at 22). The Bankruptcy Court reiterated that the "financing statements don't say what Evolution wants them to say." (*Id.* at 19). The parties' disagreement is not over a controlling legal rule or standard but with how the Bankruptcy Court read the financing statements and the collateral descriptions. Much like disagreement over how to interpret a contract, a disagreement over how to interpret a financing statement does not support an interlocutory appeal.

Lastly, this court "finds that judicial economy, efficiency, and the interests of the parties in obtaining an overall conclusion of the [adversary] proceeding weigh in favor of allowing the Bankruptcy Court to proceed and to complete the [adversary proceeding] in its entirety." *In re Cella III, LLC*, 619 B.R. 627, 635 (E.D. La. 2020). Once the adversary proceeding concludes, the court can address perfection and priority, including the parties' relative priorities, in one appeal.

Evolution argues that the remaining issues are "academic" because its lien will be avoided, eliminated, or undermined "before an appellate court can weigh in." (Docket Entry No. 4 at 7, 9–10). But any such order will be final and immediately appealable. The court reviewed a similar order on an expedited basis in January. *See First Brands*, 2026 WL 253634, at *5–6 (reviewing an order that released Evolution's alleged collateral). It is prepared to do so again if and when needed. *Cf. United States v. Texas*, 144 S. Ct. 797, 797–98 (2024) (Barrett, J., concurring) (discussing administrative stays to "buy[] the court time to deliberate"); *Book People, Inc. v. Wong*, 91 F.4th 318, 328 (5th Cir. 2024) (noting that the panel issued an administrative stay).

For these reasons, the motion for leave to appeal, (Docket Entry No. 2), is denied, and this appeal is dismissed for a lack of subject-matter jurisdiction.

SIGNED on July 27, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge